IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILLIP PETRONE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:11CV401 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., and | ) | |
| DRIVERS MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| PHILLIP PETRONE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:12CV307 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., and | ) | MEMORANDUM AND ORDER |
| DRIVERS MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on defendants' motion to reconsider filed pursuant to Federal Rule of Civil Procedure 54(b) (Filing No. 378[1]).  The plaintiffs filed a brief in opposition to the motion (Filing No. 383), to which to defendants replied (Filing No. 385).  After reviewing the motion, briefs, and applicable law, the Court finds as follows.

---

[1] All filing numbers reference the filing number in Case No. 8:11CV401 ("Petrone I"), unless otherwise indicated.

**Background**

Defendants Werner Enterprises, Inc. and Drivers Management, LLC (collectively "Werner") operate an approximately eight-week Student Driver Program as part of the training and orientation for new drivers. Plaintiff Philip Petrone filed this action on September 14, 2011, asserting minimum wage violations under the Fair Labor Standards Act ("FLSA") and Pennsylvania state law. In addition, violations under the Nebraska Wage Payment and Collection Act ("NWPCA") and the Nebraska Wage and Hour Act ("NWHA") were asserted. The plaintiffs claimed that Werner was required under law to pay them for off-duty time spent in the sleeper berth and on breaks. The plaintiffs and defendants filed cross-motions for summary judgment. On August 3, 2015, the Court granted the plaintiffs' motion for summary judgment on the FLSA, NWPCA, and the NWHA claims.

On August 26, 2015, the Eighth Circuit Court of Appeals filed two opinions holding that employees could not use the NWPCA to enforce their rights under the FLSA. *See Acosta v. Tyson Foods, Inc.,* 800 F.3d 468 (8th Cir. 2015); *Gomez v. Tyson Foods, Inc.,* 799 F.3d 1192 (8th Cir. 2015). In both cases, the Eighth Circuit reversed and remanded the district court's order granting summary judgment in favor of the employees and directed the district court to enter judgment for the employer.

**Standard of Review**

Rule 54(b) provides that: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). Generally, a court may amend or reconsider any ruling under Rule 54(b) to correct any "'clearly' or 'manifestly' erroneous findings of facts or conclusions of law." *Allstate Ins. Co. v. Weber*, No. 1:05cv00039, 2007 WL 1427598, at *2 (E.D. Ark. May 11, 2007)(quoting *Doctor John's, Inc. v. City of Sioux City, Iowa,* 456 F.Supp.2d 1074, 1075 (N.D. Iowa 2006)). District courts have substantial discretion in deciding whether to reconsider an interlocutory order under Rule 54(b). *Wells' Dairy Inc. v. Travelers Indem. Co. of Ill.,* 336 F.Supp.2d 906, 909 (N.D. Iowa 2004).

**Nebraska Wage Statutes**

The NWPCA provides for regular payment of wages that are otherwise due and penalties for failing to comply. *See* Neb.Rev.Stat. § 48-1230, 48-1231. Under the NWPCA, wages are defined as "compensation for labor or services rendered by an employee . . . *when previously agreed to* and conditions

stipulated have been met." Neb.Rev.Stat. § 48-1229(6)(emphasis added). In *Acosta*, the Eighth Circuit applied the case of *Freeman v. Central States Health and Life Co.,* 2 Neb.App. 803, 515 N.W.2d 131 (1994) to resolve the issue of whether a wage is "previously agreed to" under the NWPCA when a federal statute, the FLSA, requires compensation to which the parties did not previously agree. *Acosta*, 800 F.3d at 474. In *Freeman*, the Nebraska court held that "a party cannot use the Nebraska Wage Act to enforce rights that it may possess under the FLSA." *Freeman*, 515 N.W.2d at 135. Therefore, an employee's claim for unpaid wages under the NWPCA must previously be agreed to and the underpayment under the FLSA does not establish that an employer previously agreed to pay the employee.

The NWHA establishes a minimum wage and safeguards "existing minimum wage compensation standards which are adequate to maintain the health, efficiency and general well-being of workers against the unfair competition of wage and hours standards which do not provide adequate standards of living." Neb.Rev.Stat. § 48-1201. This Court previously concluded that "the NWHA was intended to have substantially the same coverage as the FLSA." (Filing No. 52, at 10, 8:12CV307). The Eighth Circuit did not address the NWHA in either *Acosta* or *Gomez*.

**Discussion**

Werner moves this Court to reconsider its summary judgment order in light of the Eighth Circuit's rulings in *Acosta* and *Gomez*. Under the new Eighth Circuit precedent, Werner argues that the plaintiffs have failed to establish a claim under the NWPCA. In addition, Werner claims that the Eighth Circuit's ruling in *Acosta* and *Gomez* also suggests that the plaintiffs' NWHA claims should be dismissed. The plaintiffs argue that *Acosta* and *Gomez* are inapposite to this case, and do not provide a basis for reconsideration.

In ruling on previous orders, this Court relied on the district court's opinions in *Acosta* and *Gomez*. *Acosta* and *Gomez* were both class actions for unpaid wages, not solely overtime, under the FLSA and Nebraska wage and hour laws. In this case, the plaintiffs seek unpaid wages under the FLSA and Nebraska wage and hour laws for off-duty time spent in the sleeper berth and on breaks. Therefore, the Eighth Circuit's recent rulings in *Acosta* and *Gomez* are instructive to this Court. To determine whether summary judgment was proper for the state law claims in light of the new Eighth Circuit precedent, the Court will discuss both Nebraska statutes in turn.

**I. Nebraska Wage Payment and Collection Act**

Under the NWPCA, wages are defined as compensation for labor or services when previously agreed to between the employer and employee. *See* Neb.Rev.Stat. § 48-1229. In *Acosta*, the employees claimed that "the amount of time for which they were paid based on their classification was insufficient under the FLSA." *Acosta*, 800 F.3d at 473. On appeal, the employees argued that multiple documents met the NWPCA's requirement that compensation be "previously" agreed upon. *Id.* at 474. However, the Circuit Court found the documents to be insufficient to show an agreement between the employer and the employees. *Id.* In *Gomez*, the terms of employment were governed by a collective bargaining agreement which did not specify compensation for the activities at issue. *Gomez*, 799 F.3d at 1195.

The Eighth Circuit concluded that the *Freeman* case was the best evidence of Nebraska law to determine whether a violation under the FLSA would satisfy the NWPCA's requirement that wages were "previously agreed to." *Acosta*, 800 F.3d at 474. The plaintiffs in *Freeman* sought compensation under the NWPCA for work time from 38.75 to 40 hours per week, both for regular hourly wage and overtime compensation. *Freeman*, 515 N.W.2d at 135. The Nebraska court found that there was no previous agreement for such compensation as required by the NWPCA. *Id.*

In addition, the Nebraska court concluded that "a party cannot use the Nebraska Wage Act to enforce rights that it may possess under the FLSA." *Id*.

In this case, the plaintiffs have failed to show that the employees previously agreed to wages as required by the NWPCA. Moreover, the defendants cite to deposition testimony in which plaintiffs and class members admit that they were never told they would be paid for off-duty sleeper berth or break time. (*See* Filing No. 320, Ex. 1-B, p. 16:1-9; Ex. 1.E, pp. 25:8-12, 40:11-16; Ex. 1.D, pp. 54:16-19, 55:5-13; Ex. 1.I, pp. 18:17-19:13; Ex. 1.K, p. 19:15-22). The plaintiffs were specifically told that they would not be compensated for off-duty time. The Court finds that off-duty time spent in the sleeper berth or on break was not compensation that was "previously agreed to" as required by the NWPCA. As a result, the Court will enter summary judgment in favor of the defendants for the NWPCA claims.

## II. Nebraska Wage and Hour Act

The Eighth Circuit did not address the NWHA in either *Acosta* or *Gomez*. In this case, the defendants argue that the Eighth Circuit's remanding for entry of judgment in favor of the employer in *Gomez* demonstrates that the Circuit rejected the district court's conclusion that the NWHA is parallel to the FLSA. The plaintiffs argue that *Acosta* and *Gomez* only dealt with

the narrow issue of whether the NWPCA could be used to collect unpaid wages that are only due by virtue of a statutory violation of the FLSA.

The Eighth Circuit did not address the issue of whether the NWHA provides parallel coverage as the FLSA. This Court previously conducted an extensive analysis into the language, purpose, and legislative history of the NWHA, and concluded that the NWHA was intended to have substantially the same coverage as the FLSA (*See* Filing No. 52 at 10-12, 8:12CV307). As a result, the Court will deny the defendants' motion to reconsider the NWHA claims. Accordingly,

IT IS ORDERED:

1) Defendants' motion (Filing No. 378) for reconsideration of the August 3, 2015, Order (Filing No. 347) is granted in part. The portion of the Court's August 3, 2015, Order granting summary judgment in favor of the plaintiffs on the NWPCA claims is vacated.

2) Plaintiffs' NWPCA claims are dismissed with prejudice.

3) Defendant's motion to reconsider the NWHA claims is denied.

DATED this 18th day of April, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court