# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHILIP PETRONE, et al., <br><br>      Plaintiffs, <br><br>vs. <br><br>WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC; <br><br>      Defendants. | ORDER AND JUDGMENT <br><br> 8:11CV401 |
| PHILIP PETRONE, et al.; <br><br>      Plaintiffs, <br><br>vs. <br><br>WERNER ENTERPRISES, INC., AND DRIVERS MANAGEMENT, LLC, <br><br>      Defendants. | 8:12CV307 |

This matter is before the Court on the Motion for Approval of Judgment Allocation and Appointment of a Third Party Claims Administrator, ECF No. 536 in Case No. 11cv401, filed by Plaintiffs Philip Petrone, et al. (Plaintiffs). Plaintiffs did not file a motion for final allocation in Case No. 8:12cv307; however, the caption of the Motion indicates that it was meant to be filed in Case No. 8:12cv307. For the reasons stated below, the Motion will be granted, and judgment will be entered consistent with this Order.

## BACKGROUND

This matter was a class and collective action on behalf of more than 50,000 current and former employee truck-drivers of Defendants Werner Enterprises, Inc., and Drivers Management, LLC (Werner) who sought for lost wages. Plaintiffs asserted that

Werner failed to compensate them for certain time logged during short rest periods and certain time logged in the sleeper berth of their trucks. Plaintiffs initially filed their Complaint on September 14, 2011, and their claims were conditionally certified as a collective action on October 11, 2012. ECF No. 1, 83.

At the summary judgment stage, this Court ruled as a matter of law that Defendants failed to compensate Plaintiffs the minimum wage for short rest breaks of 20 minutes or less. ECF No. 347, Page ID 20563. Factual issues remained for trial on Plaintiffs' sleeper berth claims and for damages on both claims. Trial on began on Tuesday, May 16, 2017, and on Tuesday, May 23, 2017, the jury returned a verdict in favor of Plaintiffs on their short rest break claims in the amount of $779,127. ECF No. 430, 516.

At trial, Plaintiffs produced evidence of their short rest break damages. *See* Transcript, ECF No. 521, Page ID 43324. Referring to the data contained in a spreadsheet outlining Plaintiffs' short rest break damages, Plaintiffs' expert witness, Richard Kroon, testified that Plaintiffs had suffered $779,127 in damages. *Id.*, Page ID 43318. The jury awarded $779,127 in damages for Plaintiffs' short rest break claims. Jury Verdict, ECF No. 516, Page ID 43269.

Following the verdict, the Court considered several post-trial motions. The Court denied Plaintiffs' Motion for Pre-Judgment Interest and granted Plaintiffs' Motion for Liquidated Damages. *See* ECF No. 535. The Court awarded Plaintiffs' $50,000 in liquidated damages in addition to the amount awarded by the jury. Plaintiffs now move for entry of final judgment and for approval of their allocation plan. Plaintiffs further move the Court to approve KCC Class Action Services, LLC (KCC) as the third-party

2

claims administrator. Werner objects to the Plaintiffs' fund distribution plan (the "Plan"), arguing that the Plan is incomplete and fails to address all issues necessary to distribute the judgment.

## DISCUSSION

**Reasonableness of the Plan**

The Court will approve the Plan and KCC as administrator. In approving distribution plans for class action judgments, "courts must use their discretion, and in many cases their ingenuity, to shape decrees or to develop procedures for ascertaining damages and distributing relief that will be fair to the parties but will not involve them in an unduly burdensome administration of the award." 7AA Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1784 (3d ed. 2017); *see also Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2017 WL 3206324, at *7 (M.D.N.C. July 27, 2017). Courts should "shape the remedy to meet the exigencies of each case and difficulties in administration should not be allowed to destroy the usefulness of the class-action procedure." *Id.* "The goal of any distribution method is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." William B. Rubenstein, *Newberg on Class Actions* § 12.15 (5th ed. 2017).

The Plan proposes a distribution that appears reasonably calculated to quickly and efficiently get as much of the short rest break damages to class members as possible. The parties possess the information necessary to identify and locate each of the applicable class members entitled to damages for their short rest break claims. Further, the amount to be distributed to each Plaintiff has either already been

ascertained, or is capable of being ascertained in a reasonably efficient manner. Plaintiffs propose that the jury award of $779,127 be distributed to the class as per the calculations contained in Kroon's expert report. Because the jury presumably accepted Kroon's damages calculation, this method is reasonable. Plaintiffs further propose that the Court's award of liquidated damages be distributed pro-rata to the class members whom the Court deemed to be eligible for such damages. These amounts are easily ascertainable and Plaintiffs have represented that KCC can quickly and efficiently allocate the liquidated damages award for distribution. Both Plaintiffs and Based upon the evidence before the Court, the Plan appears reasonably calculated to efficiently and effectively administer the judgment.

The Court is also satisfied that the proposed administrator, KCC, is capable of efficiently and fairly administering the award. KCC has administered more than 6,000 class actions and has provided notice solutions in cases with as many as 22 million class members. Bernella Aff., ECF No. 536-3, Page ID 54390. KCC has competently administered class action award distributions in this Court. *See e.g. Erickson v. Credit Bureau Services, Inc. et al.*, 8:11cv215 (D. Neb. Feb. 22, 2013). Additionally, Plaintiffs have represented to the Court that KCC has experience and is capable of handling the tax withholding issues associated with distributing the award. ECF No. 543, Page ID 55349. Based upon the evidence, including the Plan and Plaintiffs' representations to the Court, the Court is satisfied that the Plan and KCC can competently and fairly administer the damages award. Plaintiffs will bear the ultimate responsibility of ensuring that administration of the judgment amount complies with applicable law, and Plaintiffs will be required to account for such compliance.

**Werner's Objections**

Werner does not object to the judgment amount, nor does it directly object to KCC as the administrator. However, Werner requests that Plaintiffs be required to submit more specific proposals to ensure that administration costs will be reasonable and that certain tax matters be specifically addressed. Further review at this stage is unnecessary. The parties possess all information necessary to administer the judgment and there is no indication that projected costs are unreasonable for a class this size. Administration costs may be reviewed, if necessary, after actual administration has taken place. Also, Plaintiffs have indicated that KCC is capable of addressing Plaintiffs' employment tax concerns.

**1. Costs of Plan Administration**

A more detailed Plan is unnecessary at this stage because the Plan appears reasonable and actual administration costs may be challenged, if appropriate. "Courts regularly award administrative costs associated with providing notice to the class" and other administrative costs "reasonably incurred for the benefit of the class." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015) (internal citation omitted). Werner argues that the Plan is vague, and requests that Plaintiffs submit additional distribution proposals to ensure that administration costs are kept to a minimum in the event Werner is required to pay for all or part of those costs.[1] However,

---

[1] For example, Werner argues that the Court should reject the Plan because it fails to address how small amounts are handled. Werner calculates that, according to KCC's estimate, it will cost approximately $2.15 per class member to distribute the judgment; thus, the cost of administration exceeds the amount of damages that many class members will receive. Werner suggests that such amounts be distributed to a *cy pres* fund. Presumably, Werner is concerned about efficiency of distribution in an effort to minimize costs, rather than whether Plaintiffs are compensated fairly. *See* Wright & Miller, *supra*, § 1784 ("Defendant would have no interest in assuring that all claimants were fairly

5

further litigation on the Plan would be unhelpful to the Court's determination at this stage and would unnecessarily delay distribution of the judgment. In support of its request, Werner cites to cases where courts have provided detailed timelines for proposals and objections to proposed distribution plans. *See, e.g.*, *Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2017 WL 3206324, at *12 (M.D.N.C. July 27, 2017). In *Krakauer*, the court addressed distribution of a class action award while confronting "uncertainties in some of the data about class membership." *Id.* at *5. The court declined to enter judgment because although "there [were] many class members fully identified by the various sources of name and address information used in these proceedings and for whom there can be no legitimate dispute about their membership in the class," some of the plaintiffs had not been identified. *Id.* at *6.

Unlike *Krakauer*, there are no complicated remaining issues regarding the identity of the class members. The jury has already determined the amount of the damages owing to Plaintiffs under their short rest break claims, and the Court has set the amount of liquidated damages. Further, the class members who will receive short rest break damages have been identified. Both parties have noted that, using evidence in the record, they have identified or are capable of identifying the name, employee identification number, and specific damages applicable to each class member. See ECF No. 537, Page ID 54397; ECF No. 540, Page ID 54714. Each of the applicable class members has been, or is susceptible of being, fully identified by various sources in the

---

compensated since the class members would be bound by the judgment regardless of their individual recovery."). Plaintiffs have not indicated whether they would oppose the creation of a *cy pres* fund, but are responsible for ensuring efficient administration of the judgment. Accordingly, the Court will not order a *cy pres* fund at this stage and encourages the parties to confer regarding whether such a fund would be beneficial to the administration of the judgment in this case.

record and, at this stage, there can be no legitimate dispute about their membership in the class. Thus, factors supporting further litigation regarding development of the Plan are not present in this case.

The Court has not determined whether KCC's administration costs will be taxed to Werner; thus, it would be difficult at this stage to preemptively limit those costs. Although the Court has determined that the Plan is sufficient to enter final judgment, this determination does not prevent Werner from challenging the reasonableness of KCC's actual administration costs, if any, that are taxed to Werner. Nor does it preclude Werner from challenging whether costs should be awarded or offset with the costs Werner incurred in defending the sleeper berth claim. *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 782-83 (8th Cir. 2016) (a prevailing defendant may collect costs incurred in defending FLSA claims); *Hillside Enterprises v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995) (Where one party "won a larger judgment, it can logically be considered the prevailing party under the [Fed. R. Civ. p. 54(d),]" and a court may properly exercise its discretion to award that party costs).

Having reviewed the Plan, the Court concludes that KCC's Plan appears reasonably calculated to get as much of the award to class members as efficiently and effectively as possible. For the reasons stated above, the Plan appears reasonable and the proposed costs do not appear excessive or unnecessary in administering the judgment to a class this size. Nevertheless, at this stage, it is not necessary to have a definitive bid for completion of the Plan in an effort to minimize those costs. Such a ruling may be premature and would unduly delay the judgment awarded in this case.

## 2. Employment Tax Withholdings

Werner also argues that the Plan fails to provide specific information regarding required payroll tax withholdings. However, as noted above, Plaintiffs represent to the Court that that KCC has experience and is capable of handling the tax withholding issues associated with distributing the award. ECF No. 543, Page ID 55349. Specifically, Plaintiffs represent that KCC will calculate the amount of employer-side taxes which must be paid, request that Werner do the same, and will make such payments on Werner's behalf. *Id.* Plaintiffs further note that KCC is capable of providing an accounting of its work, including an accounting of how the liquidated damages award will be distributed. *Id.* The Court is satisfied that KCC is capable of handling the tax issues related to distribution of the award, and will direct that Plaintiffs ensure that distribution takes place in accordance with applicable law.

## CONCLUSION

For the reasons stated above, the Court concludes that the Plan appears fair and reasonably calculated to distribute the judgment amount to applicable class members. KCC is capable of competently and efficiently administering the award, while ensuring compliance with applicable tax law. The Court approves the Plan and appoints KCC as class administrator. The Court directs KCC to carry out administration according to the Plan in accordance with this Order and Judgment.

Accordingly,

IT IS ORDERED:

1. The Motion for Approval of Judgment Allocation and Appointment of a Third Party Claims Administrator, ECF No. 536 in Case No. 11cv401, is granted;

2. Judgment is entered in favor of Plaintiffs, and against Defendants Werner Enterprises, Inc., and Drivers Management, LLC, in the amount of $779,127.00 in actual damages and $50,000.00 in liquidated damages;

3. KCC Class Action Services, LLC (KCC) is appointed as the third-party claims administrator whose duties and is directed to distribute the judgment to Plaintiffs as outlined in its Distribution Plan as outlined in ECF No. 536-3;

4. KCC's responsibilities shall include, but are not limited to, the following:

    a. KCC shall merge the class lists and other identifying records, if necessary, to identify the employees who are eligible to recover damages by name;

    b. KCC will update the class list utilizing the National Change of Address System, establishing a Qualified Judgment Fund for which KCC will obtain a Taxpayer ID number, issuing payments to class members, attorneys and named plaintiffs, processing re-issue requests, conducting address searches for all returned undeliverable checks, making necessary tax filings and deposits and creating periodic reports as needed;

    c. KCC shall be responsible for withholding appropriate taxes from wage payments, calculating and making payment of Werner's portion of the payroll tax (which will be paid to the third-party administrator by Werner), complying with all reporting requirements, and providing Werner any information about the payments and withholdings necessary for Werner to complete its end-of-year tax filings;

    d. KCC shall ensure that state tax withholdings from the judgment be made only according to Nebraska law, consistent with the Plaintiffs' claims;

5. Werner is directed to make payment of the judgment directly to an approved third-party administrator in satisfaction of the judgment;

6. Werner shall be responsible for paying Werner's portion of the payroll tax to the third-party administrator and shall then be relieved of any liability for all tax and reporting requirements for all payments made;

7. Within thirty days of receipt of payment of the judgment, Plaintiffs will file a notice of the period in which the distribution process will take place;

8. Motions for attorney's fees or costs must be filed within 30 days of the date of this Order and Judgment; and

9.  If one or all parties wish to stay execution of judgment pending appeal, a motion to stay must be filed within 30 days of the filing of any notice of appeal.

Dated this 29th day of September, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge